1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAURICE DAVIS, Jr.,

11              Plaintiff,                 No. CIV S-07-1472 FCD GGH P

12        vs.

13   CDCR, et al.,                         ORDER &

14              Defendants.                FINDINGS AND RECOMMENDATIONS

15   _____/

16              On July 20, 2007, defendants M. Veal, E. Ferrer, and G. Camaya removed this

17   action from state court on the basis that this court has original jurisdiction under 28 U.S.C. §

18   1331 (federal question), pursuant to 28 U.S.C. § 1441(b).  Defendants also filed, on July 20,

19   2007, a motion for the court to screen plaintiff's amended complaint and complaint under 28

20   U.S.C. § 1915A, waiving their reply under 42 U.S.C. § 1997e(g).[1]  On August 9, 2007, plaintiff

21   filed objections to the removal and to defendants' motion that the court screen the complaint,

22

23        [1] "1) Any defendant may waive the right to reply to any action brought by a prisoner
24   confined in any jail, prison, or other correctional facility under action 1983 of this title or any
     other Federal law.  Notwithstanding any other law or rule of procedure, such waiver shall not
25   constitute an admission of the allegations contained in the complaint.  No relief shall be granted
     to the plaintiff unless a reply has been filed. (2) The court may require any defendant to reply to a
26   complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to
     prevail on the merits."

                                              1

1   which the court construes as a motion to remand, pursuant to 28 U.S.C. § 1447(c).  Plaintiff

2   appears to concede that his action implicates a federal question, but nevertheless argues that,

3   under the California constitution, federal question, as well as state law claims, may be

4   adjudicated in state court, and vice versa.  See Objections to defendants' notice of removal,

5   Docket Entry # 8, p. 1.

6           28 U.S.C. § 1441 authorizes removal of any civil action brought in the state court

7   over which the federal district courts would have original jurisdiction.  "Only...actions that

8   originally could have been filed in federal court may be removed to federal court by the

9   defendant."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Absent diversity of

10  citizenship (not present here), federal question jurisdiction is required.  Federal district courts

11  have original jurisdiction over all civil actions arising under the Constitution of the United States

12  pursuant to 28 U.S.C. § 1331.

13          In his complaint,[2] plaintiff alleges, inter alia, a violation of his Eighth and

14  Fourteenth Amendment rights by defendant Ferrer for not being permitted to access the

15  hemodialysis unit with legal materials when other patients are allowed to bring in

16  recreational/entertainment material.  Notice of Removal, Exh. A, (Chambers Copy of )

17  Complaint, pp. 4-6.  In his amended complaint, plaintiff alleges violations of his Eighth

18  Amendment rights and to his right to equal protection under the Fourteenth Amendment by

19  defendant Camaya for allegedly authoring the "revised hemodialysis memorandum," which was

---

20          [2] Defendants aver that they have submitted the original complaint, filed on October 17,
21  2006, and attached it as Exhibit (Exh.) A to their Notice of Removal; however, the court's review
    of the electronic docket of this case demonstrates that Exh. A is a copy of an unsigned general
22  chrono that does not appear to be relevant to this action.  Notwithstanding, defendants provide
    the court with a chambers copy wherein of the Notice of Removal the complaint was attached as
23  Exh. A.  In both the chambers copy and the electronic filing, they have attached Exh. D, the
    summons, stamped as filed on October 17, 2006, of Case No. F0S028587, naming as defendants,
24  inter alia, Martin Veal and E. Ferrer.  Moreover, despite defendants' apparent omission in the
    court's electronic filing, plaintiff does not dispute that he filed the original complaint or that it
25  implicated a federal constitutional right. See plaintiff's filing, Docket Entry # 13, p. 3, wherein
    plaintiff acknowledges that it is likely that a motion to remand will be denied as his complaint
26  alleges violations of constitutional due process rights.

1    "defective" in allowing patient access to the dialysis unit with art, music, or sports material or

2    crossword puzzles and books, but not legal material.  Notice of Removal, Exh. B, Amended

3    Complaint, pp. 2-4.

4            Both the complaint and amended complaint contain a claim or claims alleging a

5    violation of plaintiff's constitutional rights.  Thus, this action was properly removed from state

6    court.[3]

7            As to defendants' motion for the court to screen the complaint and amended

8    complaint, plaintiff objects to it, claiming that he has not filed an action pursuant to 42 U.S.C. §

9    1983, and contending that defendants, who do not raise the issue herein, could have otherwise

10   determined whether or not plaintiff had exhausted his administrative remedies.  See Objections

11   to motion to screen complaint, Docket Entry # 9, filed on August 17, 2007, p. 1.  Plaintiff

12   attaches thereto a copy of a December 14, 2006, Director's Level Appeal Decision, denying his

13   appeal regarding the unfairness of his being precluded from bringing legal material to the

14   hemodialysis unit when other inmates are allowed to bring a book, radio or tape player.  Id., at 5.

15   In a separate request, plaintiff asks that defendants' counsel be removed from this case due to a

16   putative conflict of interest arising from counsel's obligation to enforce the ADA (Americans

17   with Disabilities Act).  Motion/Request to remove defendants' counsel, Docket Entry # 10.

18           Defendants argue in their reply to plaintiff's opposition to, inter alia, the request

19   for removal of defense counsel based on a conflict of interest, that defendants' counsel is not

20   obligated to prosecute ADA violations, nor does plaintiff provide evidence of defendants'

21   violation of the ADA.  Reply, Docket Entry # 11, pp. 2-3.  The court will disregard plaintiff's

22   unsupported request.  Plaintiff has also requested that this action be transferred to Magistrate

23   Judge Peter Nowinski.  Plaintiff is informed that Judge Nowinski has retired from the bench.

24   \\\\\

25

26           [3] Even cases which are initially, validly filed in state court are subject to removal if the
     federal court could exercise jurisdiction.

1    The court will screen the amended complaint.  28 U.S.C. § 1915(e)(2)

2  (notwithstanding the payment of any filing fee, court may dismiss case at any time if it

3  determines that it fails to state claim upon which relief may be granted or is frivolous or

4  malicious).  Local Rule 15-220 requires that an amended complaint be complete in itself without

5  reference to any prior pleading.[4]  This is because, as a general rule, an amended complaint

6  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the

7  court finds the original complaint to have been superseded by the amended complaint.

8    The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11  U.S.C. § 1915A(b)(1),(2).

12    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19    A complaint must contain more than a "formulaic recitation of the elements of a

20  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

21  speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

22  "The pleading must contain something more...than...a statement of facts that merely creates a

23  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

24  _____

25    [4]  As defendants point out in their motion to screen the amended complaint (p. 3), the
    California Rules of Court, Rule 3.1324(c) also require that an amended pleading incorporate all
26  claims of the original complaint and any amendments.

4

1    Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

2    standard, the court must accept as true the allegations of the complaint in question, Hospital

3    Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

4    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

5    McKeithen, 395 U.S. 411, 421 (1969).

6              In the amended complaint, plaintiff apparently seeks to implicate defendant

7    Camaya, a supervisory Registered Nurse III, for allegedly authoring a revised memorandum,

8    dated March 15, 2006, permitting inmates into the hemodialysis unit to bring materials for

9    entertainment, such as books, music, art, crossword puzzles, but not legal material.  Plaintiff

10   thereby claims a violation of his Eighth Amendment rights, as well as discrimination and a

11   violation of his equal protection rights under the Fourteenth Amendment.  Amended Complaint,

12   pp. 2.  As to defendant Lead Nurse Ferrer, plaintiff seeks to implicate this individual for

13   "willfully" circulating the memorandum authored by defendant Camaya.  Id. at 4.

14             The Equal Protection Clause of the Fourteenth Amendment requires that all

15   similarly situated persons be treated alike, Jones v. Helms, 452 U.S. 412, 423, 101 S. Ct. 2434

16   (1981).  In this case, plaintiff has not framed a claim of violation of his equal protection rights

17   because he has not shown that he is treated differently from any other inmate who receives

18   dialysis treatment in being precluded from bringing legal material with him to the unit.

19             Nor does plaintiff state any claim for an Eighth Amendment violation.  "Prison

20   officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,

21   sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

22   2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994).  Nothing

23   about plaintiff's claim with regard to being deprived of access to legal material in the dialysis

24   unit remotely implicates the Eighth Amendment.

25             To the extent that plaintiff seeks relief via the ADA, or alleges a claim of

26   discrimination based on a disability, he may bring a claim pursuant to Title II of the ADA against

1   state entities for injunctive relief and damages.  See Phiffer v. Columbia River Correctional

2   Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002).

3   However, he cannot seek damages pursuant to the ADA against the defendants in their individual

4   capacities.  Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing

5   Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001).

6        Title II of the ADA prohibits a public entity from discriminating against a

7   qualified individual with a disability on the basis of a disability.  42 U.S.C. § 12132 (1994);

8   Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To state a

9   claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a

10  disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some

11  public entity's services, programs, or activities; 3) the plaintiff was either excluded from

12  participation in or denied the benefits by the public entity; and 4) such exclusion, denial of

13  benefits or discrimination was by reason of the plaintiff's disability.  Weinrich, 114 F.3d at 978.

14       Nothing about plaintiff's allegations in their wholly deficient incarnation

15  implicates the ADA.  Plaintiff's amended complaint will be dismissed but plaintiff will be

16  granted leave to file a second amended complaint within thirty days.  If plaintiff chooses to

17  amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted

18  in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

19  1980).  Also, the complaint must allege in specific terms how each named defendant is involved.

20  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

21  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

22  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

23  F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

24  participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.3d

25  266, 268 (9th Cir. 1982).

26  \\\\\

1    In addition, plaintiff is cautioned that the court cannot refer to a prior pleading in

2    order to make plaintiff's amended complaint complete.  The court has previously noted that

3    Local Rule 15-220 requires that an amended complaint be complete in itself without reference to

4    any prior pleading.  This is because, as a general rule, an amended complaint supersedes the

5    original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an

6    amended complaint, the original pleading no longer serves any function in the case.  Therefore,

7    in a second amended complaint, as in a first amended complaint, each claim and the involvement

8    of each defendant must be sufficiently alleged.

9    Accordingly, IT IS HEREBY ORDERED:

10   1.  Plaintiff's original complaint has been superseded by the amended complaint;

11   2.  Defendants' motion for the court to screen the amended complaint, filed on

12   July 20, 2007 (# 3), is granted;

13   2.  Plaintiff's amended complaint is dismissed for the reasons discussed above,

14   with leave to file a second amended complaint within thirty days from the date of service of this

15   Order.  Failure to file a second amended complaint will result in a recommendation that this

16   action be dismissed.

17   3.  Plaintiff's September 4, 2007 (# 10) unsupported request to remove

18   defendants' counsel due to a putative conflict of interest is disregarded.

19   4.  Plaintiff's September 26, 2007 (# 12) request to transfer this case to Magistrate

20   Judge Nowinski is denied as both moot and inapposite.

21   IT IS HEREBY RECOMMENDED that plaintiff's August 9, 2007 (# 8)

22   objections to the notice of removal, construed as a motion to remand, be denied.

23   \\\\\

24   \\\\\

25   \\\\\

26   \\\\\

1          These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fifteen**

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within ten days after service of the objections.  The parties are advised

7   that failure to file objections within the specified time may waive the right to appeal the District

8   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: 03/07/08

                                                      /s/ Gregory G. Hollows

10                                           _____

11                                           GREGORY G. HOLLOWS
                                             UNITED STATES MAGISTRATE JUDGE

    GGH:009/davi1472.b+

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26