IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE DAVIS, Jr.,

        Plaintiff,                    No. CIV S-07-1472 FCD GGH P

    vs.

CDCR, et al.,

        Defendants.             ORDER

_____/

        A suggestion of death upon the record pertaining to the death of plaintiff Maurice Davis, Jr., was filed, pursuant to Federal Rule of Civil Procedure 25(a)(1), by defense counsel on May 1, 2008 (# 18). Defendants' counsel states that Office of the Attorney General has been informed that plaintiff passed away, in custody and during the pendency of this action, on March 28, 2008.

        Defendants ask that this matter be dismissed pursuant to Fed. R. Civ. P. 25(a). Defendants also request that the action be dismissed for plaintiff's failure to amend his complaint timely. By Order, filed on March 10, 2008 (# 15), plaintiff's amended complaint was dismissed with plaintiff granted leave to file a second amended complaint in thirty days (or by April 9, 2008). As plaintiff died before the filing deadline, the court does not find this an appropriate (or seemly) basis for dismissal.

1

To trigger the running of 90-day period under Fed. R. Civ. P. 25(a)(1), two affirmative steps are required. A party must first formally suggest the death of the party upon the record. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994), citing Anderson v. Aurotek, 774 F.2d 927, 931 (9th Cir.1985); Grandbouche v. Lovell, 913 F.2d 835 (10th Cir.1990) ( Grandbouche ); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ("a formal suggestion of death is absolutely necessary to trigger the running of the ninety days"). Defendants' counsel has discharged this obligation by the filing the suggestion of death on May 1, 2008. However, the second requirement is that the suggesting party serve any:

> non-party successors or representatives of the deceased party ... the suggestion of death in the manner provided by Rule 4 for the service of a summons. Grandbouche, 913 F.2d at 837 ("the service required by Rule 25(a)(1) on non-parties, specifically the successors or representatives of the deceased party's estate, must be served pursuant to Fed.R.Civ.P. 4"); Fariss v. Lynchburg Foundry, 769 F.2d 958, 961-62 (4th Cir.1985) ( Fariss ) (successors and representatives of the deceased party must be personally served the suggestion of death); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ("service of the suggestion of death upon parties is to be effected in accordance with Rule 5, and upon non-parties as provided in Rule 4").

Barlow, supra, at 233.

Thus, counsel for defendants must serve any non-party successor of plaintiff pro se, pursuant to Fed. R. Civ. P. 4, in order to trigger the 90-day period for filing a notice of substitution.

Accordingly, IT IS ORDERED that:

1. Defendants' counsel must make a reasonable investigation to determine the representative of plaintiff's estate, and if a representative is discovered, shall serve the suggestion of death of the plaintiff in accordance with Rules 4 and 25 upon the representative;

2. Within 60 days of the filing date of this order, defendants' counsel must file either a proof of service demonstrating proper service of the suggestion of death upon the

\\\\\

1  successor or representative of the estate of plaintiff pro se, or if counsel is not able to effect such
2  service, a declaration setting forth efforts made to comply with this order.
3  DATED: 05/05/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
davi1472.sugg